UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES JUDSON HOLBROOK,

              Plaintiff,

v.

GRETCHEN WHITMER,

              Defendant.

_____/

Case No. 1:24-cv-621

Honorable Paul L. Maloney

## **OPINION**

This is an action brought by a person who, at the time of filing, was a state prisoner. As of August 6, 2024, Plaintiff was released on parole. *See* Michigan Department of Corrections (MDOC) Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile. aspx?mdocNumber=767925 (last visited Jan. 3, 2025). Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 8.) The Court will grant Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). That statutory section provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court is required to "screen" the complaint under the statute. *McGore v. Wriggelsworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-

prisoners are not subject to the screening process required by § 1915A. However, the district court

must still screen the complaint under § 1915(e)(2).")

Plaintiff titled his pleading "Lawsuit For Damages." (Compl., ECF No. 1, PageID.1.) He

names Michigan Governor Gretchen Whitmer as the only defendant. The complaint, in its entirety,

reads as follows:

> Charles Holbrook is a United States Citizen. Here is our statement again, 88-year-old Charles Holbrook is still held in a Michigan Prison. That State still has no evidence that Charles Holbrook has done any wrong. And the State still knows it. This Federal Court tells us we cannot file a lawsuit. We cannot file a criminal complaint. This Court lies to us. Why?
>
> This Court is desperate to destroy a United States Citizen. Again, why? Here is another lawsuit. We must try again. This Court does not want to do a day's work. So this Court sends everything to 6th Appeals. 6th Appeals does nothing but sit there and call us names. This is the United States. This is America. We have freedoms. We have rights. But this Court has no idea what those might be. What is wrong with this "picture"?

(*Id*., PageID.1–2 (underlined emphasis removed and some capitalization altered).)

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It is a basic pleading

essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550

U.S. at 545. The Sixth Circuit "has consistently held that damage claims against government

officials arising from alleged violations of constitutional rights must allege, with particularity, facts

that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v.*

*Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286

F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of

specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded

to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing

the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendant Whitmer in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Therefore, Plaintiff has failed to state a claim against Governor Whitmer upon which relief may be granted.

## Conclusion

The Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated:    January 13, 2025                              /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge